**FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 13 |
| Junior E. Jimenez and Luz B. Jimenez | : | |
| | : | Case No. 09-37542 (cgm) |
| | : | |
| Debtor(s). | : | |
| | : | |

**MEMORANDUM DECISION DENYING CREDITOR'S MOTION FOR AN ORDER CONFIRMING VANDERBILT'S SECURED STANDING, REQUIRING ABANDONMENT OR DECLARING PREMISES SURRENDERED**

**A P P E A R A N C E S :**

Jerrold W. Bartman, Esq.
PO Box 12099
Albany, NY 12212
(518) 464-2600
Attorney for Debtors

Andrew B. Helfand, Esq.
Helfand & Helfand
350 Fifth Avenue, Suite 5330
New York, New York 10118
(212) 599-3303
Attorney for Vanderbilt Mortgage and Finance, Inc.

**CECELIA G. MORRIS**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

## Introduction

Vanderbilt Mortgage and Finance, Inc. seeks an order from the Court confirming the secured status of its lien or, in the alternative, compelling the Debtors to surrender or abandon the subject premises. Because the Court finds no legal authority for the order sought, the motion is denied.

## Jurisdiction

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(a), 28 U.S.C. § 157(a) and the Amended Standing Order of Reference signed by Chief Judge Loretta A. Preska dated January 31, 2012. This is a "core proceeding" under 28 U.S.C. § 157(A), (b)(2)(B) (allowance of claims against the estate), and (b)(2)(K) (determinations of the validity, extent, or priority of liens).

## Background

### I. Case history

This joint chapter 13 case was filed on September 18, 2009 by Junior E. Jimenez and Luz B. Jimenez ("Debtors"). Vanderbilt Mortgage and Finance, Inc. ("Creditor" or "Vanderbilt") was listed by the Debtors in Schedule D as a creditor holding a mortgage against Debtors' home in the amount of $294,777.69. Dr's Pet. Sched. D, ECF No. 1. The Debtors valued the property at $285,000. *Id.* Debtors expressed no intention to surrender the property on the petition. *See* Dr's Pet., ECF No. 1.

Debtors filed a proposed chapter 13 plan on the petition date. First Pln, ECF No. 6. This first proposed plan listed Vanderbilt as a secured creditor owed arrears of $19,719. First Pln. 3, ECF No. 6. Debtors expressed an intention to repay the arrears by listing Vanderbilt in Section D of the plan. *Id.* Under Section G of the plan, entitled "Surrendered Property," Debtors neither checked "not applicable" nor listed Vanderbilt or the property. First Pln. 7, ECF No. 6.

Debtors filed a request under this Court's Loss Mitigation Program, naming Vanderbilt as the Creditor, on January 6, 2010. Loss Mit. Req. 1, ECF No. 16. A Loss Mitigation order was entered January 22, 2010. Loss Mit. Or., ECF No. 21.

On January 25, 2010, Vanderbilt filed a motion for relief from the automatic stay.

Debtors filed an amended plan on January 28, 2010. Amend. Pln, ECF No. 26. The amended plan listed Vanderbilt as a secured creditor owed arrears of $19,719. Amend. Pln 3, ECF No. 26. Debtors expressed an intention to repay the arrears by listing Vanderbilt in Section D of the plan. *Id.* Under Section G of the plan, entitled "Surrendered Property," Debtors neither checked "not applicable" nor listed Vanderbilt or the property. Amend. Pln 7, ECF No. 26.

On May 13, 2010 the Court entered an order granting Vanderbilt relief from the automatic stay. Relief Stay Or., ECF No. 34. Loss mitigation was terminated by Court order the following day. Loss Mit. Term. Or., ECF No. 35. The Debtors filed a motion to expunge the claim of Vanderbilt on August 16, 2010, arguing that the claim should be expunged because relief from the stay had been granted. Claim Obj. 1, ECF No. 36. The Court granted this unopposed motion by order dated September 9, 2010. ECF No. 39.

Debtors' amended plan was confirmed on January 19, 2011. Conf. Ord. 1, ECF No. 48. Vanderbilt filed this motion on April 5, 2013. ECF No. 53.

**II. Vanderbilt's Motion**

Vanderbilt seeks three forms of relief. Mot. at 1, ECF No. 48. Vanderbilt asks that the Court confirm Vanderbilt's secured lien and standing pursuant to section 506 of the Bankruptcy Code. *Id.* Vanderbilt asks that the Court deem that confirmation of the Debtors' plan was, in effect, a surrender of the property under section 1325(a)(5)(C). *Id.* Alternatively, Vanderbilt asks that the Court require the Debtors to abandon the premises to Vanderbilt under Bankruptcy Rule 6007(b)[1] so that Vanderbilt may exercise its rights and remedies in the property. *Id.* at 1-2. Vanderbilt makes several arguments in support of these requested forms of relief. Vanderbilt argues that the Court's lift-stay order establishes the "law of the case" that Vanderbilt is a

---

[1] Except as otherwise provided, all Bankruptcy Rule references are to the Federal Rules of Bankruptcy Procedure, 1001 – 9037.

secured creditor. *Id.* at 3. Vanderbilt argues that expungement of its claim could only affect its right to receive distributions in the chapter 13 plan, not its lien interest post-bankruptcy. *Id.* at 4. Vanderbilt also argues that destruction of the lien could only be obtained through an adversary proceeding. *Id.* at 4-5.

Vanderbilt further argues that the Debtors' plan fails to provide for Vanderbilt or refer to Vanderbilt, and that this is an ambiguous action by the Debtors. *Id.* at 4.

## **Discussion**

### I. Expungement of the claim did not affect any lien held by Vanderbilt.

Creditor is correct that expungement of its proof of claim could not have affected any lien it may have.. The Court held this principle to be true in *In re Dumain*, ___ B.R. ___, 2013 WL 1890256, at *2 (Bankr. S.D.N.Y. May 8, 2013). A secured creditor "is not required to file a proof of claim but may choose to ignore the bankruptcy proceeding and look to its lien for satisfaction of the debt." *Id.* (quoting *In re Hogan*, 346 B.R. 715, 719 n.7 (Bankr. N.D. Tex. 2006)). The principle is also stated in *Dewsnup v. Timm*, 502 U.S. 410, 418 (1992), where the Supreme Court held that "liens pass through bankruptcy proceedings unaffected." Bankruptcy Rule 3021 states that "[e]xcept as provided in Rule 3020(e), after a plan is confirmed, distribution shall be made to creditors whose claims have been allowed . . . ." *In re Minbatiwalla*, 424 B.R. 104, 118 n. 8 (Bankr. S.D.N.Y. 2010). In order to be entitled to plan distributions, a secured creditor must obtain an allowed claim. *Id.* The claim allowance process does not affect the validity of any purported lien held by Vanderbilt; allowance affects only Vanderbilt's entitlement to distributions from the chapter 13 plan. *Id.*

### II. Section 506(a) does not give the Court authority to issue an order confirming the validity of Vanderbilt's lien.

Section 506(a)[2] does not give the Court the power to determine the validity of Vanderbilt's lien. Section 506(a) states:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim.

The section determines valuation of "allowed claims," providing that an allowed claim is a secured claim to the extent of the value of the creditor's interest in the collateral and an unsecured claim to the extent of any deficiency. As noted above, there is a distinction between a "lien" and a "claim." A creditor can have no claim in the case, and still have a valid lien. Therefore, section 506(a) does not offer any support for Vanderbilt's position that the Court should confirm its secured status through section 506(a).

This is especially true given that the Court has already expunged Vanderbilt's claim. There is no allowed claim to value under section 506(a).

**III. Section 1325(a)(5)(C) does not give the Court authority to compel the Debtors to elect surrender of the premises in this case.**

Vanderbilt also argues that section 1325(a)(5)(C) should be used to force the Debtors to surrender the property. Section 1325(a)(5) states:

(5) with respect to each allowed secured claim provided for by the plan—
(A) the holder of such claim has accepted the plan;
(B)
(i) the plan provides that—
(I) the holder of such claim retain the lien securing such claim until the earlier of—
(aa) the payment of the underlying debt determined under nonbankruptcy law; or

[2] Except as otherwise provided, all sectional references are to the United States Bankruptcy Code, 11 U.S.C. § 101 – 1532 (2012).

(bb) discharge under section 1328; and

(II) if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law;

(ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; and

(iii) if—

(I) property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal monthly amounts; and

(II) the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan; or

(C) the debtor surrenders the property securing such claim to such holder;

Reading section 1325(a)(5)(C) to allow the Court to force the Debtors to surrender their property post-confirmation does not comport with the plain language of that section, which states that "the court shall confirm a plan if . . . ." Section 1325(a)(5)(C) deals with whether a plan is confirmable. It provides no operative mechanism for what the Creditor seeks to do here. Here, the plan is already confirmed, and the confirmed plan expresses no intention to surrender, as that portion of the Court's Model Chapter 13 Plan was left completely blank. *See* Model Chapter 13 Plan, Section G, *available at* http:// www.nysb.uscourts.gov/chapter–13–forms; *see also* Amend. Pln. 7, ECF No. 26.

Section 1325(a)(5)(C) provides that surrender is one of three options for dealing with a secured claim in a chapter 13 plan. The first option, which is found in section 1325(a)(5)(A), provides that the secured creditor can accept the plan. The second option, which is found in section 1325(a)(5)(B), states that the plan may provide that "the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim." The third option, which is found in section 1325(a)(5)(C), allows a debtor to "surrenders the property securing such claim to such holder."

Here, Vanderbilt's proof of claim was expunged. There is no allowed secured claim under section 1325(a)(5). Section 1325(a)(5) applies to allowed secured claims, and Vanderbilt does not have a claim. It may have a valid lien that survives the bankruptcy case, but without an allowed secured claim section 1325(a)(5) does not apply.

It is unclear what the surrender sought by Vanderbilt would achieve. "Even though the Debtor intends to surrender the property as part of her plan, until the property is actually sold pursuant to a foreclosure sale, title to the property remains vested in the Debtor." *In re Sneijder*, 407 B.R. 46, 52-53 (Bankr. S.D.N.Y. 2009) (citations omitted). The Court has already lifted the automatic stay and Vanderbilt has initiated foreclosure proceedings in state court. Surrender in the bankruptcy case would not entitle Vanderbilt to any more remedies than those already available to it.

**IV. Vanderbilt has not established grounds to force abandonment of the premises.**

Vanderbilt also argues that the Debtors should be forced to abandon the premises pursuant to Bankruptcy Rule 6007(b). Bankruptcy Rule 6007(b) states that "[a] party in interest may file and serve a motion requiring the trustee or debtor in possession to abandon property of the estate." The notice and hearing requirements of section 554(c) must be met in order to effectuate abandonment. *In re Hyman,* 123 B.R. 342 (B.A.P. 9th Cir. 1991).

Section 554(b) provides:

> (b) On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

The relief sought here will seemingly accomplish nothing for the Creditor:

> In this connection, it should be noted that while Code § 554(b) and corresponding Bankruptcy Rule 6007(b) authorize a party in interest to request the entry of an order directing the trustee to abandon property which is burdensome or inconsequential in value, the property is *not abandoned to the party* requesting the

> abandonment. The property is abandoned to the debtor, and in a relief Chapter case, released from the estate. The parties who assert rights to the abandoned property must then pursue their claims in a nonbankruptcy forum, assuming the Code § 362(a) stay for the debtor has been terminated.

*In re Jandous Elec. Const. Corp.*, 96 B.R. 462, 465-66 (Bankr. S.D.N.Y. 1989) (quotation omitted). The property is already the subject of a foreclosure proceeding in state court. Abandonment revests the property to the party with a possessory right in the property at the commencement of the case. *Jandous Elec. Const.*, 96 B.R. at 466 (citations omitted). The creditor seeking abandonment of the property to the creditor must prove that it held the possessory right to the property at commencement of the case. *Id.*; *see also* 10 Collier on Bankruptcy ¶ 6007.03[1] (16th ed. 2013) ("The notice should set forth the reason for the abandonment and should identify the entity to whom the property will be abandoned.").

Vanderbilt has not alleged that the property is of inconsequential value or benefit to the bankruptcy estate as required by section 554(b). *In re Burgio*, 441 B.R. 218, 220 (Bankr. S.D.N.Y. 2010) ("Here again, the burden falls upon the movant to 'prove by a preponderance of evidence that the property has no greater than inconsequential value.'") (citing *In re Siegel*, 204 B.R. 6, 8 (Bankr. W.D.N.Y. 1996)).

## Conclusion

For the foregoing reasons, Vanderbilt's motion is denied. The Court will issue an order consistent with these findings.

Dated: Poughkeepsie, New York
June 21, 2013

/s/ Cecelia G. Morris
CECELIA G. MORRIS
CHIEF UNITED STATES BANKRUPTCY JUDGE